## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BRANDON MORRIS                                    CASE NO.:

      Plaintiff,

  vs.

CITY OF LAKELAND, FLORIDA
JEREMY WILLIAMS
CORY BOWLING
ALEXANDER COOKS
COLTON THOMPSON

      Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, Brandon Morris, and hereby sues the Defendants, Jeremy

Williams, Cory Bowling, Alexander Cooks, Colton Thompson in their individual capacities with the

Lakeland Police Department, and the City of Lakeland, FL.

## INTRODUCTION

1.  This is an action brought by a United States citizen, Brandon Morris, who was the

    victim of False Arrest and Battery against the City of Lakeland.

2.  Morris also alleges that Defendants Jeremy Williams, Cory Bowling, Alexander

    Cooks, and Colton Thompson acting within the scope of their employment,

    violated the Defendant's Fourth Amendment right to be free from an

    unreasonable, warrantless arrest not supported by probable cause, and that the

1

Defendant's violated the Plaintiff's Fourth Amendment right to be free from the application of excessive force in effecting that arrest. Plaintiff seeks declaratory and compensatory relief, punitive damages from the Fourth and Fourteenth Amendment claims, and attorney's fees and costs on the federal civil rights claims.

3.    This action arises under Florida common law and the Constitution and laws of the United States

4.    Venue is proper in this Court as the incident on which this Complaint is based occurred in Polk County Florida.  Location of incident: 1732 Olive Street, Lakeland, FL 33815.

## PARTIES

5.    Plaintiff Brandon Morris is an adult United States citizen and, at all relevant times, was a resident of the State of Florida and Polk County.

6.     Defendant Jeremy Williams was, at all relevant times, an officer employed by Lakeland Police Department, and is sued on constitutional claims of false arrest and excessive force under the Fourth Amendment.

7.    Defendant Cory Bowling was,  at all relevant times, an officer employed by Lakeland Police Department, and is sued on constitutional claims of false arrest and excessive force under the Fourth Amendment.

8.  Defendant Alexander Cooks was, at all relevant times, an officer employed by Lakeland Police Department, and is sued on constitutional claims of false arrest and excessive force under the Fourth Amendment.

9.  Defendant Colton Thompson was, at all relevant times, an officer employed by Lakeland Police Department, and is sued on constitutional claims of false arrest and excessive force under the Fourth Amendment.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

10. On May 31, 2019 and January 21, 2020 the Plaintiff timely provided notice of his false arrest and battery claims pursuant to Fla. Stat. 768.28 regarding the supplemental state tort claims against Defendants, and provided the requisite amount of time to resolve these claims. The Plaintiff made a demand for settlement on May 7, 2021. The City of Lakeland has not responded. Therefore, all administrative preconditions have been satisfied. There are no administrative preconditions applicable to the federal civil rights claims.

## FACTUAL ALLEGATIONS COMMON TO FOURTH AMENDMENT CLAIMS OF EXCESSIVE FORCE AND UNREASONABLE SEIZURE AGAINST DEFENDANTS JEREMY WILLIAMS, CORY BOWLING, ALEXANDER COOKS, AND COLTON THOMPSON

11. On October 27, 2017 at approximately 1:29 AM Brandon Morris was arrested for Resisting Arrest Without Violence, a first degree misdemeanor, punishable for up to one year in jail.

11. The Defendants did not have probable cause to arrest Brandon Morris for the

charge of Resisting Arrest Without Violence.

12.     The Defendants used excessive force to arrest Brandon Morris.

13.     On October 27, 2017 Officer Jeremy Williams responded to 1732 Olive Street in reference to assisting patrol officers with a burglary in progress. This is a business named Sub-Zero Ice Cream owned by the Plaintiff, Brandon Morris.  The Plaintiff also lives at the same address in an apartment above the business warehouse. The Plaintiff lived at the address and received mail at his residence for approximately two years prior to this incident.

14.     The reporter of the alleged burglary is the Plaintiff's sister, Briana Morris. Ms. Morris called 911 and said that she heard a noise and believed someone was inside the business.

15.     Officer Jeremy Williams arrived with his partner K-9 at the front door of the business. Officer Alexander Cooks and Officer Colton Thompson were at the front door of the business with Officer Williams.

16.     The front door of the business is surrounded by a rod iron cage and there is an opaque frosted window next to the front door.  Officer Williams attempted to open the front door but it was locked.

17.     Officer Alexander Cooks informed Officer Williams that he observed the silhouette of a person in the opaque frosted window next to the front door and it looked like the individual was moving toward the back of the business.

18.     Officer Cory Bowling was positioned at the rear of the residence with his K-9 partner.  Officer Williams notified Officer Bowling that the suspect was moving toward the back of the business.

19.     It is important to note that the opaque frosted window prevents a visual observation of more than a couple feet into the inside of the window.

20.     In spite of Officer Cooks' alleged observation, the Plaintiff did not move to the back of the business. Instead, the Plaintiff unlocked the front door and opened the front door slowly approximately 2-3 inches and peeked out.

21.     According to the police report, Officer Williams commanded the Plaintiff to "stop" and "show his hands" and the Plaintiff allegedly closed the door. Officer Williams alleges that he grabbed the door handle and forced it open in pursuit of the Plaintiff.

22.     Officer Williams was standing only a couple feet from the Plaintiff holding his K-9 partner, "Hyde". Officer Cooks and Officer Thompson were also positioned a few feet from the front door with their guns drawn. The K-9 partner was aggressively barking and ready to attack only a couple feet from the Plaintiff when the Plaintiff opened the door. The Plaintiff closed the door because he thought the police dog was literally about to attack the Plaintiff. The Plaintiff immediately recognized the officers as law enforcement upon cracking the front door, but was startled and fearful of a K-9 attack. The Plaintiff had no intention of leaving the immediate area behind the door and had no intention to resist the officers. The Plaintiff only closed the front door because he was mortified of the vicious, aggressive K-9 poised to attack the Plaintiff.

23.     Without any attempt to speak with the Plaintiff, Officer Williams immediately released the K-9 to attack the Plaintiff when Officer Williams forced open the door.

24.     The K-9 immediately attacked the Plaintiff in the breezeway just a few feet inside the door. The K-9 viciously sunk his teeth into the Plaintiff's leg and immobilized the Plaintiff.

5

25.     As the K-9 was ripping the flesh of the Plaintiff's leg while the Plaintiff was on the ground, Officer Williams and/or Officer Cooks and/or Officer Thompson jumped on the Plaintiff and delivered numerous strikes to the Plaintiff's face, body and to the back of the Plaintiff's head. Officers delivered these strikes on the Plaintiff while the K-9 was actively tearing at the Plaintiffs leg.  The Plaintiff was lying on the ground screaming in pain from the K-9 attack when the officers repeatedly struck the Plaintiff.

26.     The Plaintiff never resisted and could not resist as the K-9 immobilized the Plaintiff.  The Plaintiff was screaming in pain from the K-9 bites and it was physically impossible for the Plaintiff to resist as the Plaintiff was immobilized and in immense pain from the K-9 continuing to bite the Plaintiff. The K-9 continued to sink his teeth into the Plaintiff's leg while officers were striking Plaintiff and when handcuffs were being placed on Plaintiff.

27.     The Plaintiff did not resist Officer Williams' initial commands prior to the K-9 attack. The Plaintiff feared for his life from the K-9 that looked as though it was going to attack Plaintiff.  The Plaintiff only closed the door to avoid being attacked by the K-9 that Officer Williams was holding literally only a few feet away from the Plaintiff.

28.     Officer Williams, Officer Cooks, and Officer Thompson did not give the Plaintiff the opportunity to comply with law enforcement commands before forcing the door open and executing the K-9 attack.

29.     Once the Plaintiff was immobilized on the ground inside the front door, Officer Williams and/or Officer Cooks and/or Officer Thompson repeatedly struck the Plaintiff instead of removing the K-9 from the Plaintiff's leg. Thus, the Plaintiff was never given the opportunity to comply with law enforcement prior to law enforcement using excessive force to effectuate the

arrest.

30.     The Plaintiff informed the Lakeland Police Officers that he lived and worked at the location as the Plaintiff was being violently detained and arrested.

31.     The Plaintiff was arrested for "Resisting Arrest Without Violence" before being transported to Lakeland Regional Hospital for numerous lacerations to the Plaintiff's left thigh as well as contusions on the Plaintiffs head and face.

32.     Officer Williams conducted a custodial interview on the Plaintiff while the Plaintiff was being treated at the hospital for his injuries.  The Plaintiff expressed his fear of the K-9 as his reason for closing the door during this interview conducted shortly after the incident. The Plaintiff expressed this fear by asking Officer Williams if the K-9 would have attacked him if he did not close the door.

33.     Although Officer Williams' tone during the interview of the Plaintiff sounded contrite and although Officer Williams acknowledged it was a misunderstanding, the Plaintiff was still charged with Resisting Arrest Without Violence and booked into the Polk County Jail.

34.     In spite of the acknowledged "misunderstanding" the Plaintiff was booked in to the Polk County Jail after being treated for his injuries at Lakeland Regional Hospital. The Plaintiff sat on the floor in booking at the jail for multiple hours.  The Plaintiff, who was sitting on the floor in booking, began to bleed heavily and was finally taken to the jail infirmary where he received medical treatment again.

33.     The Plaintiff was facing a year in jail for said charge and had to hire a criminal defense attorney to defend the unwarranted criminal charge. The Plaintiff faced the pending criminal charge for 18 months and had over a dozen court hearings to attend.  The State

Attorney's Office finally dropped the unwarranted charge.

34.    The Plaintiff incurred hospital bills as a result of the Defendant's conduct. The Defendant is also permanently scarred on his leg from the attack the K-9.

35.    The Plaintiff also suffers mental and emotional distress, humiliation, pain and suffering, and other non-economic losses as a result of his unreasonably and unjustifiably violent arrest.

36.    The Plaintiff is an upstanding member of the Lakeland business community and has no prior record.  The Plaintiff has always supported law enforcement and the actions of the officers in this case on October 27, 2017 as well as the officer's decision to dubiously charge the Plaintiff  to prevent or forestall  a civil action has severely traumatized the Plaintiff to this day.

### STATE CLAIM OF FALSE ARREST

37.    The Plaintiff adopts the factual allegations contained in paragraphs 11 through 36 against Defendants Jeremy Williams, Cory Bowling, Alexander Crooks, and Colton Thompson.

### STATE CLAIM OF BATTERY

38.    The Plaintiff adopts the factual allegations contained in paragraphs 11 through 36 against Defendants Jeremy Williams, Cory Bowling, Alexander Crooks, and Colton Thompson.

WHEREFORE the Plaintiff, Brandon Morris, prays for entry of a judgment against the Defendants, for $200,000.00  plus costs, and the Plaintiff further demands trial by jury of all issues in this cause so triable as a matter of right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brandon Morris, prays that this Court will enter relief in the following terms.

1. A judgment and declaratory relief on all claims.

2. A judgment for punitive damages on all claims.

3. An award of costs, expert witness fees, and attorneys fees pursuant to 42 U.S.C 1988 on the Fourth and Fourteenth Amendment claims.

4. An award of $200,000.00.

5. Such other relief as the Court deems just and proper.

Finally, Plaintiff requests a trial by jury.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been furnished by E-portal and Electronic Delivery via CM/ECF, on the City of Lakeland, 228 S. Massachusetts Ave., Lakeland, FL 33801 and Lakeland Police Department 219 N. Massachusetts Ave., Lakeland, FL 33801 on this 17th day of September, 2021.

Respectfully submitted,


*Matthew Farmer*
Matthew Farmer, Esq.
Fla. Bar No. 0793469
400 N. Tampa, St., Suite 2840
Tampa, FL 33602
(813) 228-0095
Attorney for Plaintiff

*Hubbell Losson*
Hubbell C. Losson, Esq.
Fla. Bar No. 0568570
613 South Blvd.
Tampa, FL 33606
(813) 253-0451
Attorney for Plaintiff